556 S.E.2d 110

**M–B LIMITED PARTNERSHIP, a West Virginia Limited Partnership, Plaintiff Below, Appellee**

v.

**Glenn V. LONGACRE, Jr., and Wanda J. Longacre, his wife, and John D. Moore and Helen G. Moore, his wife, Defendants Below, Appellants.**

No. 29698.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 3, 2001.

Decided Nov. 14, 2001.

Howard J. Blyler, Cowen, for Appellants.

Harley E. Stollings, Summersville, for Appellee.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Webster County entered on November 16, 2000. Pursuant to that order, the circuit court granted summary judgment in favor of the appellee and plaintiff below, M–B Limited Partnership (hereinafter "M–B"), in this action to settle a boundary line dispute. On appeal, the appellants and defendants below, Glenn and Wanda Longacre (hereinafter "the Longacres"), contend that the conflicting opinions of the surveyors created genuine issues of material fact, and therefore, the circuit court erred by granting summary judgment.

This Court has before it, the petition for appeal, the designated record, and the briefs and argument of counsel. For the reasons set forth below, the final order is reversed, and this case is remanded to the circuit court for a trial on the merits.

I.

The parties own adjacent tracts of real estate located on Thomas Mountain in the Glade District of Webster County, West Virginia. The tract owned by M–B consists of several thousand acres and was acquired in 1972. The Longacres claim they own an adjoining 28 acres which were conveyed to them by John and Helen Moore.[1]

M–B filed its complaint in July 1996 alleging that the Longacres only own 18 acres as opposed to the 28 acres they claim. M–B maintained that the tract of land in question was originally described as 18 acres and was parceled out of a larger tract containing 100 acres. According to M–B, the description of the same parcel in later deeds was changed to encompass an extra ten acres. M–B alleged it owned those ten acres. The Longacres responded by asserting that their title

---

1. Initially, John and Helen Moore conveyed only a half-interest of the subject property to the Longacres. Thus, M–B filed suit against both the Longacres and the Moores. However, Mr. Moore died during the pendency of this action. He devised all of his interest in the tract to his wife. After the circuit court entered its final order, Mrs. Moore conveyed all of her right, title, and interest in said tract to the Longacres who now pursue this appeal. The Moores are not appellants in this case.

was superior in time, that an accurate survey showed the boundary line was set forth in the 28–acre description, and that they had title by adverse possession.

Thereafter, M–B filed a motion for summary judgment with an affidavit of R. Craig Dunlap, a licensed surveyor. Mr. Dunlap indicated that he had examined the deeds and was of the opinion that the Longacres only owned 18 acres. The Longacres replied with an affidavit of George Butler who surveyed the land on their behalf. Mr. Butler opined that the Longacres did in fact own 28 acres. On February 5, 1998, the circuit court denied the motion for summary judgment.

Subsequently, M–B deposed Mr. Longacre, Mr. Butler, and other witnesses. Essentially, the dispute in this case concerns the southern boundary line of the Longacres' property, specifically, how far east the southern boundary line extends. Based on Mr. Dunlap's survey and plat, M–B filed a second motion for summary judgment asserting the Longacres only own 5.27 acres of property. M–B claimed that the remainder of the property belongs to Charles Sink, another adjacent land owner who owns the remainder of the original 100–acre tract discussed above. After hearing argument on the matter, the circuit court found that the Longacre boundary line only extends 441 feet from the western point and thus, entered summary judgment in favor of M–B. This appeal followed.

## II.

■ We begin our analysis of this case by setting forth a standard of review. In Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Summary judgment is required when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.Va. R. Civ. Proc. 56. In Syllabus Point 3 of *Aetna Casualty & Surety Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court stated that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry

concerning the facts is not desirable to clarify the application of the law."

In this case, the Longacres contend that the circuit court erred by disregarding the statements of their surveyors and ruling as a matter of law that their conclusions were wrong. Their surveyors, George Butler and Ron Westfall, indicated that the original deed from Eula Haufe to Mr. Moore was so ambiguous that it would not close, could not be platted, and was not a complete legal description of a definable tract. Thus, Mr. Butler and Mr. Westfall resorted to other principles of surveying as well as physical evidence from the tract itself to determine the exact location of the property. They concluded that the 28–acre description as contained in prior deeds in the Longacres' chain of title, and as contained in the deed from Mr. Moore to the Longacres, was in fact the same tract of real estate described as an 18–acre tract in the deed from Eula Haufe to Mr. Moore.

M–B's surveyor, R. Craig Dunlap, disagreed with this conclusion. Mr. Dunlap stated that he based his opinion upon surveys of the original, larger parcels of land in the area. At first, he concluded that the Longacres' tract consists of no more than 18 acres. However, Mr. Dunlap later prepared a plat which was submitted with M–B's second motion for summary judgment alleging that the Longacres only own 5.27 acres.

■ Despite these conflicting opinions, the circuit court granted summary judgment in favor of M–B. In so ruling, the circuit court apparently gave no weight to the findings of the surveyors for the Longacres and merely ruled that they were "wrong" without setting forth its logic and reasoning to support that conclusion. The circuit court simply stated that there were no genuine issues of material fact upon which a jury could rule in favor of the Longacres. The record in this case does not support that conclusion. In Syllabus Point 3 of *Painter, supra*, this Court held that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Clearly, the conflicting opinions of the surveyors for

the parties with regard to the location and extent of the disputed boundary line created genuine issues of material fact that must be decided by a jury. Therefore, we find that the circuit court erred by granting summary judgment in favor of M–B.

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Webster County entered on November 16, 2000, is reversed, and this case is remanded to the circuit court for a trial on the merits.

Reversed and remanded.